## UNITED STATES COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD ALTOMARE : | |
| Plaintiff, : | |
| : | No. |
| v. : | |
| : | COMPLAINT AND |
| UNITED STATES OF AMERICA : | JURY DEMAND |
| Defendant. : | |

## PLAINTIFF'S COMPLAINT IN CIVIL ACTION

### PRELIMINARY STATEMENT

1. This action is brought under 28 U.S.C. §1346 to recover for personal injuries arising from an accident that occurred at the Philadelphia Department of Veterans Affairs Medical Center ("VAMC") located at 400 S. University Avenue in Philadelphia, which is owned and/or operated by the Defendant. On May 20, 2021, the Plaintiff, 83 years old at the time, was attending an outpatient appointment at the VAMC. Despite his limited mobility, the Defendant's staff did not have a wheelchair available for his use, and he was made to walk through the parking garage to his appointment using a walker. As he was walking through the parking garage, he encountered a defective condition of the concrete that caused him to fall, sustaining injuries ultimately necessitating surgery.

### JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1346.

### PARTIES

3. Plaintiff Leonard Altomare is an adult individual residing at 2310 S. 10th Street, Philadelphia, PA 19148.

4. Defendant is the United States of America.

## FACTUAL ALLEGATIONS

5. On May 20, 2021, Plaintiff Leonard Altomare arrived at the VAMC for an outpatient medical appointment.

6. When Plaintiff arrived at the VAMC, he initially requested a wheelchair from the Defendant's employees and/or agents for purposes of transporting into the building for his appointment due to his limited mobility, but was informed by the Defendant's employees and/or agents that there was not a wheelchair available for him.

7. Plaintiff therefore parked in the parking garage and attempted to walk to the entrance of the VAMC using a makeshift walker, but while doing so, the wheel of the walker became lodged in a defective condition of the parking garage's concrete floor, namely a broken section of concrete near a floor drain.

8. When the walker's wheel became lodged in the defective condition, he was thrown off-balance and caused to fall to the ground, striking his head on the concrete and suffering injuries not only to his head, but also to his cervical spine, which would ultimately require surgery and result in partial and/or total paralysis.

9. The defective condition described above was of such an advanced state that it would or should have become known to the Defendant's employees and/or agents in the course of reasonably regular inspection of the parking garage.

10. Plaintiff was in no way contributorily negligent with regard to this action, which occurred solely due to the negligence of the Defendant's employes and/or agents.

## CLAIMS FOR RELIEF

### COUNT I
### Leonard Altomare v. United State of America
### Negligence / Vicarious Liability

11.     Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

12.     Defendant United State of America was at all times relevant hereto the owner of the property located at 400 S. University Avenue, Philadelphia, PA and the operator of the Department of Veterans Affairs Medical Center ("VAMC") situated thereon, and was responsible for the inspection, maintenance, and repair of the parking garage thereat to ensure the parking garage was reasonably safe for pedestrian use.

13.     Moreover, Defendant was at all times responsible for ensuring that patients of the VAMC had access to wheelchairs for their safe transport from one area of the VAMC to another.

14.     Defendant U.S. Department of Veterans Affairs was at all times relevant to the events described above acting through its employees, agents, and/or representatives, and is properly chargeable with vicarious liability for the acts and/or omissions of same pursuant to the doctrine of *respondeat superior*.

15.     Defendant's employees, agents, and/or representatives failed to inspect, maintain, and/or repair the parking garage at the VAMC to keep it in a reasonably safe condition for individuals walking through the parking garage, and allowed the defective condition described above to exist for an unreasonable period of time prior to Plaintiff's accident despite being on actual and/or constructive notice of same.

16. Defendant's employees, agents, and/or representatives further failed to provide a wheelchair to the Plaintiff for his safe transport through the VAMC parking garage, thus putting him at an unreasonable risk of harm attempting to walk through the parking garage.

17. As a result of Defendant's negligence, by and through its employees, agents, and/or representatives, Plaintiff suffered closed head trauma as well as cervical spine injuries ultimately necessitating surgery and resulting in partial and/or total paralysis.

18. As a result of Plaintiff's injuries, he has required extensive medical evaluation, treatment, and care, and may require same for an indefinite period of time in the future, all to his great and continuing loss.

19. As a result of Plaintiff's injuries, he has endured severe pain, suffering, inconvenience, discomfort, mental anguish, and interference with his activities of daily living, and may continue to experience same for an indefinite period of time in the future, all to his great and continuing loss.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests compensatory damages, plus costs, in the amount of $500,000.00, as well as such other relief as this Honorable Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Leonard Altomare hereby demands a trial by jury in this action of all issues so triable.

        Respectfully Submitted,

By: _____
Benjamin J. Simmons, Esq.
I.D. No. 314855

DEFINO LAW ASSOCIATES, P.C.
2541 S. Broad St.
Philadelphia, PA 19148
Ph: (215) 551-9099
Fax: (215) 551-4099
*Counsel for Plaintiff*